IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


ATUNDO KANILI,
      Petitioner,

vs.                                Case No.:  3:11cv497/MCR/EMT

KENNETH TUCKER,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1).  Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (doc. 18).  Petitioner filed a response in opposition to the motion (*see* doc. 21).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.      BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is established by the state court record (doc. 18).[1]
Petitioner was charged in the Circuit Court in and for Okaloosa County, Florida, Case No. 2004-CF-

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (doc. 18), unless otherwise indicated.  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

26, with one count of second degree murder with a weapon (Ex. B at 5).  Following a jury trial on April 4–8, 2005, Petitioner was convicted of manslaughter with a weapon (Ex. B at 135, Ex. C).  On May 9, 2005, Petitioner was adjudicated guilty and sentenced as a prison releasee re-offender to thirty (30) years of imprisonment, with pre-sentence jail credit of 494 days (Ex. B at 159–64).

Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D05-2486 (Ex. D).  Petitioner's counsel filed a brief, pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there were no meritorious arguments to support the contention that reversible error occurred in the trial court (id.).  Petitioner filed a pro se initial brief (Ex. F).  On January 23, 2007, the First DCA affirmed the judgment per curiam without written opinion (Ex. G). Kanili v. State, 950 So. 2d 417 (Fla. 1st DCA 2007) (Table).  The First DCA denied Petitioner's motion for rehearing on March 2, 2007, and the mandate issued March 20, 2007 (Ex. I).  Petitioner did not seek further review.

On September 6, 2007, Petitioner filed a motion for correction, reduction, or modification of sentence, pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure (Ex. K at 1–26).  The state circuit court denied the motion on January 15, 2008 (id. at 39–41).  Petitioner appealed the decision to the First DCA, Case No. 1D08-384 (id. at 66–69).  The First DCA dismissed the appeal on April 14, 2008, for Petitioner's failure to comply with an order directing him to file an amended notice of appeal with a proper certificate of service (Ex. L).  Kanili v. State, No. 1D08-384 (Fla. 1st DCA Apr. 14, 2008).

On November 12, 2007, during the pendency of the prior proceeding, Petitioner filed a motion for postconviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. M at 1–22).  The state circuit court summarily denied the motion on August 5, 2008 (id. at 68–76).  The First DCA granted Petitioner leave to file a belated appeal (Exs. N, Q).  Kanili v. State, 7 So. 3d 646 (Fla. 1st DCA 2009) (Mem).  The appeal followed in Case No. 1D09-2647, and the First DCA affirmed per curiam without written opinion on July 22, 2009, with the mandate issuing September 14, 2009 (Exs. S, V).  Kanili v. State, 15 So. 3d 583 (Fla. 1st DCA 2009) (Table).

On December 20, 2007, while Petitioner's Rule 3.850 motion was pending, Petitioner filed a § 2254 petition in this federal court.  Kanili v. McDonough, Case No. 3:07cv537/RV/EMT, Petition, Doc. 1 (N.D. Fla. Dec. 24, 2007).  Petitioner subsequently filed a notice of voluntary dismissal, and

the case was dismissed without prejudice on February 28, 2008.  *Id.*, Motion to Voluntarily Dismiss, Doc. 7 (N.D. Fla. Jan. 23, 2008); Order, Doc. 10 (N.D. Fla. Feb. 28, 2008).

On April 15, 2010, Petitioner filed another motion to correct illegal sentence, pursuant to Rule 3.800(a) (Ex. W at 1–11).  The state circuit court dismissed the motion on July 21, 2010 (*id.* at 42–43).  Petitioner appealed the decision to the First DCA, Case No. 1D10-4901 (Ex. X).  The First DCA affirmed per curiam without written opinion on November 3, 2010, with the mandate issuing November 30, 2010 (Exs. Y, AA).  Kanili v. State, 48 So. 3d 56 (Fla. 1st DCA 2010) (Table). Petitioner filed a motion for rehearing the same date the mandate issued, and the First DCA denied the motion on January 10, 2011 (Ex. X).

On February 14, 2011, Petitioner filed another § 2254 petition in this federal court.  Kanili v. Buss, Case No. 3:11cv90/RV/EMT, Petition, Doc. 1 (N.D. Fla. Feb. 17, 2011).  The court dismissed the petition without prejudice on August 24, 2011, for Petitioner's failure to comply with an order of the court.  *Id.*, Order, Doc. 21 (N.D. Fla. Aug. 24, 2011).

Petitioner filed the instant § 2254 petition on October 10, 2011 (doc. 1 at 40).

II.    ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment.  The limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Respondent contends the appropriate statutory trigger for the federal limitations period in this case is § 2244(d)(1)(A), the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review (doc. 18 at 4).  Petitioner does not argue that another statutory trigger applies.  Additionally, none of the claims asserted in his federal petition suggest that any of the triggers set forth in § 2244(d)(1)(B–D) apply (*see* doc. 1 at 5–39).  Therefore, the undersigned concludes the appropriate trigger for the federal limitations period is the date Petitioner's conviction became final, pursuant to § 2244(d)(1)(A).

Petitioner's conviction became final on June 1, 2007, upon expiration of the 90-day period in which Petitioner could have filed a petition for a writ of certiorari.[2]  *See* U.S. Sup. Ct. R 13.3 ("if a petition for rehearing is timely filed in the lower court by any party, or if the lower court appropriately entertains an untimely petition for rehearing or sua sponte considers rehearing, the time to file the petition for a writ of certiorari for all parties . . . runs from the date of the denial of rehearing . . ."); Chavers v. Secretary, Florida Dept. of Corrections, 468 F.3d 1273, 1274–75 (11th Cir. 2006) (judgment of conviction becomes "final" after the expiration of the 90-day period in which the petitioner could have filed a petition for a writ of certiorari, which begins to run on the date of the appellate court's affirmance of the conviction, not the date of the appellate court's mandate) (citing Bond v. Moore, 309 F.3d 770, 774 (11th Cir. 2002) (judgment became "final" ninety days after state supreme court denied defendant's motion for rehearing)); *see also, e.g.*, Hollinger v. Sec'y, Dep't of Corr., 334 F. App'x 302, 303, 2009 WL 1833746, at *1 (11th Cir. 2009) (petitioner's conviction became final ninety days after rehearing on direct appeal was denied);[3] Werley v. Crosby, 2007 WL 1191913, at *4 (N.D. Fla. Apr. 19, 2007) (because the date of the First DCA's order denying petitioner's motion for rehearing was May 21, 2002, petitioner's judgment of conviction became "final" for purposes of section 2244 on August 19, 2002, ninety days later).  The statute of limitations

---

[2] Pursuant to Rule 6 of the Federal Rules of Civil Procedure, the day of the event that triggers the time period is excluded from the calculation, and the last day of the period is included, so the 90–day period expired on June 1, 2007.

[3] The undersigned cites Hollinger only as persuasive authority and recognizes that the opinion is not considered binding precedent.  *See* 11th Cir. R. 36-2.

began to run on June 2, 2007, the day after the 90-day period expired.  *See* Wainwright v. Sec'y, Dep't of Corr., 537 F.3d 1282, 1283–84 (11th Cir.2007) (citing Fed. R. Civ. P. 6(a)); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA).  Petitioner had one year from that date, or until June 2, 2008, to file his § 2254 petition.  *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).  Petitioner did not file his federal petition on or before that date; therefore, it is untimely unless tolling principles apply and render it timely.

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

On September 6, 2007, after **96 days** of the federal limitations period elapsed, Petitioner filed a Rule 3.800(a) motion, which Respondent concedes was a tolling motion (doc. 18 at 5).  The Rule 3.800(a) motion was pending until the First DCA dismissed Petitioner's appeal on April 14, 2008.  However, Petitioner filed his Rule 3.850 motion during the pendency of the Rule 3.800(a) proceeding, and that motion was pending until September 14, 2009.  Respondent concedes the limitations period was tolled during this time (*id.* at 5–6).

On April 15, 2010, after another **212 days** of the federal limitations period expired, Petitioner filed another Rule 3.800(a) motion, which Respondent concedes was a tolling postconviction application (doc. 18 at 6).  The application was pending until January 10, 2011, when the First DCA denied Petitioner's motion for rehearing.  The federal limitations period expired **57 days** later, on March 9, 2011, with no state postconviction applications filed during that time (96 + 212 + 57 = 365).[4]  Petitioner filed the instant § 2254 petition on October 10, 2011, which was **215 days** too late.

---

[4] An application for federal habeas corpus review is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2); therefore, the limitations period is not tolled during the pendency of a federal habeas petition.  *See* Duncan v. Walker, 533 U.S. 167, 181–82, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001).

Case No.:  3:11cv497/MCR/EMT

Petitioner argues he is entitled to equitable tolling of the limitations period (doc. 21). A petitioner is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, — U.S. —, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (citing Pace, 544 U.S. at 418) (internal quotations omitted); *see also* Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009) (citation omitted). Because equitable tolling is "an extraordinary remedy," it "is limited to rare and exceptional circumstances" and "typically applied sparingly." Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005). Thus, the Eleventh Circuit has concluded that equitable tolling is available only "'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Id.* (quoting Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)). "As for the 'extraordinary circumstance' prong, like the Supreme Court's articulation in Holland, [the Eleventh Circuit] too ha[s] required a defendant to show a causal connection between the alleged extraordinary circumstances and the late filing of the federal habeas petition. *See* San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011) (citing Lawrence, 421 F.3d at 1226–27). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Holland, 130 S. Ct. at 2565 (internal quotation marks and citation omitted). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." San Martin, at 1268 (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)). "Mere conclusory allegations are insufficient to raise the issue of equitable tolling." *Id.* (citations omitted).

Petitioner contends he is entitled to equitable tolling during the time his first two federal habeas petitions were pending. He argues he is entitled to tolling during the pendency of his first petition, Case No. 3:07cv537/RV/EMT, which he concedes was prematurely filed because he had not fully exhausted his state court remedies (doc. 21 at 1–2). Petitioner argues the court should have advised him of the availability of the stay and abeyance procedure (*id.*).

The court need not decide whether Petitioner is entitled to tolling during the time his first federal petition was pending (December 20, 2007 to February 28, 2008), because Petitioner has already received tolling for that entire period and then some. He received tolling for the period September 6, 2007 to September 14, 2009, during the time his Rule 3.800 and 3.850 motions were

pending.  Therefore, he would not benefit from any additional tolling for the period his first federal petition was pending.

Petitioner additionally argues he is entitled to equitable tolling for the period his second federal habeas petition was pending, Case No. 3:11cv90/RV/EMT, because the clerk of court should not have opened a new case and instead should have re-opened Case No. 3:07cv537/RV/EMT (doc. 21 at 2–3).  Petitioner additionally contends he was ordered to amend his petition "a couple of different times . . . for minor mistakes" and "was assigned a new case number each and every time" (*id.* at 2).

Initially, the clerk of court did not err by opening a new habeas case.  The final order issued by the district court in the first § 2254 case, Case No. 3:07cv537/RV/EMT, dismissed the case without prejudice on February 28, 2008.  *Id.*, Order, Doc. 10 (N.D. Fla. Feb. 28, 2008).  Petitioner filed his second § 2254 petition nearly three years later, on February 14, 2011.  He did not file a motion for relief from the final order in his first case, nor did he allege any grounds for doing so, pursuant to Rule 60 of the Federal Rules of Civil Procedure.  Therefore, the clerk of court did not err by opening a new habeas case.

Additionally, Petitioner failed to show that extraordinary circumstances stood in his way and prevented him from complying with the court's orders in Case No. 3:11cv90/RV/EMT, which eventually caused the case to be dismissed.  Once the matter of the filing fee was resolved, the court issued an order requiring Petitioner to amend his petition, because Petitioner failed to complete the court-approved petition form as required by Rule 5.1(J) of the Local Rules of this court, he included repetitive grounds for relief, and one of his claims was insufficiently pled.  *Id.*, Order, Doc. 11 (N.D. Fla. Apr. 6, 2011).  The order to amend directed Petitioner to file an amended petition and provide two service copies, *see id.*, because the federal rules governing § 2254 cases requires the clerk of court to serve the petition on the respondent and on the attorney general.  *See* Rule 4, Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules).[5]  Petitioner filed an amended petition, but he did not provide the service copies.  *Id.*, Amended Petition, Doc. 14 (N.D. Fla. May 12, 2011).  The court again directed him to do so and set a new deadline, *see* Order, Doc. 15 (N.D.

---

[5] Habeas Rule 5(a) provides that the respondent is not required to answer a habeas petition unless a judge so orders.

Fla. May 16, 2011).  Petitioner did not comply with or otherwise respond to that order, so the court issued a show cause order requiring him to show cause why the case should not be dismissed.  *Id.*, Order to Show Cause, Doc. 16 (N.D. Fla. June 13 2011).  Petitioner responded to the order <u>after</u> the deadline and after the undersigned had recommended dismissal of the action.  *Id.*, Report and Recommendation, Doc. 17 (N.D. Fla. July 15, 2011); Petitioner's Motion for Extension of Time/Duplicate Documents from Clerk's File, Doc. 18 (N.D. Fla. July 20, 2011).  In his response, he indicated he had not received the show cause order until July 7, and he stated he did not comply with the order directing him to submit service copies of the amended petition because he instead took it upon himself to send copies of the amended petition to the respondent and the Florida Attorney General, and he sent his only other copy of the amended petition to his sister "hoping she would make a couple additional copies, and return like usual," but that copy "disappeared."  *Id.*, Petitioner's Motion for Extension of Time/Duplicate Documents from Clerk's File, Doc. 18 (N.D. Fla. July 20, 2011).  Petitioner requested additional time to provide the service copies, and he additionally requested either (1) that the clerk return his original amended petition so he could make service copies, or (2) that the clerk produce three copies of the amended petition and place a lien on his inmate account for the cost of production.  *Id.*  The district judge granted the motion only to the extent that the deadline for Petitioner's compliance was extended to August 22, 2011.  *Id.*, Order, Doc. 19 (N.D. Fla. July 22, 2011).  Instead of providing the service copies or payment to the clerk for production of same, or even seeking permission to file a second amended petition so he would have an original pleading from which to make service copies, Petitioner filed an objection to the Report and Recommendation, explaining that he did not receive the show cause order until July 7, 2011, and requesting that the habeas petition be granted.  *Id.*, Objection, Doc. 20 (N.D. Fla. Aug. 4, 2011).[6]  The district judge dismissed the case without prejudice for Petitioner's failure to comply with an order of the court, and the clerk entered judgment accordingly.  *Id.*, Order, Doc. 21 (N.D. Fla. Aug. 24, 2011); Judgment, Doc. 22 (N.D. Fla. Aug. 24, 2011).  The same day, the court received Petitioner's

---

[6] Petitioner additionally alleged prison officials failed to mail the copies of the amended petition to the respondent and the Florida Attorney General in May of 2011 as he had requested.  However, this allegation does not change the fact that Petitioner failed to comply with the order directing him to send the service copies of the amended petition to the court.

notice of change of address, and the clerk re-sent the order of dismissal and judgment to Petitioner at that address. *Id.*, Doc. 23 (N.D. Fla. Aug. 24, 2011).

On October 10, 2011, forty-five (45) days after the dismissal in Case No. 3:11cv90/RV/EMT, Petitioner filed <u>one copy</u> of an "Amended Petition" bearing Case No. 3:11cv90/RV/EMT and dated October 10, 2011 (doc. 1 at 40, 110). Again, he did not file a motion for relief from the judgment or final order entered in that case, nor did he allege any grounds for doing so, pursuant to Fed. R. Civ. P. 60. Therefore, the clerk of court correctly opened a new habeas case, Case No. 3:11cv497/MCR/EMT, which is the instant case.

The above-described circumstances do not establish that Petitioner's failure to meet the one-year federal deadline was due to extraordinary circumstances that were both beyond his control and unavoidable even with diligence. Had Petitioner acted diligently and followed the orders of this court, his federal petition would have been timely. He did not do so, and his failure is not attributable to misadvice or error by the court, or any other extraordinary circumstance. Therefore, Petitioner is not entitled to equitable tolling for the time his federal petition in Case No. 3:11cv90/RV/EMT was pending.

Finally, to the extent Petitioner argues he is entitled to federal review of his claims through a "fundamental miscarriage of justice" gateway to the time bar (he labels each of his twenty-three claims "Manifest Injustice" (*see* doc. 1 at 8–39)), he has failed to satisfy that standard. An "actual innocence" exception to the AEDPA's one-year time limit, if such an exception exists, requires the petitioner (1) to present new reliable evidence that was not presented at trial, and (2) to show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt" in light of the new evidence. *See* <u>Rozzelle v. Sec'y, Fla. Dep't of Corr.</u>, — F.3d —, 2012 WL 630204, at *9 (11th Cir. Feb. 20, 2012) (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 324, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995)). To be credible, "such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." <u>Schlup</u>, 513 U.S. at 324.

In the instant case, Petitioner does not allege the existence of new reliable evidence. Therefore, he failed to demonstrate he is entitled to federal review of his claims through the fundamental miscarriage of justice gateway.

III.    CONCLUSION

Petitioner filed his § 2254 petition after the one-year federal limitations period expired, even considering the tolling effect of properly filed applications for state postconviction relief filed prior to expiration of the federal limitations period.  Further, Petitioner failed to demonstrate he is entitled to equitable tolling of the limitations period, or federal review of his claims through the fundamental miscarriage of justice gateway.  Therefore, the § 2254 petition should be dismissed with prejudice as time-barred.

IV.    CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.    That Respondent's motion to dismiss (doc. 18) be **GRANTED**.

      2.        That the petition for writ of habeas corpus (doc. 1) be **DISMISSED** with prejudice as untimely.

      3.        That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this <u>13</u><sup>th</sup> day of September 2012.

<u>/s/ Elizabeth M. Timothy</u>
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**</u>** A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** <u>**United States v. Roberts,**</u> **858 F.2d 698, 701 (11th Cir. 1988).**